IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Suanita McClurkin, | ) | |
| | ) | C.A. No. : 0:11-cv-02401-CMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | DENYING PLAINTIFF'S |
| Champion Laboratories, Inc., | ) | MOTION TO REMAND |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion to remand the action to state court. Plaintiff also seeks attorney's fees if the court concludes that removal was improper. For the reasons stated below, the court denies Plaintiff's motion to remand because jurisdiction exists under 28 U.S.C. § 1332(a)(1). The court also denies Plaintiff's request for attorney's fees.

## BACKGROUND

Plaintiff filed a complaint ("Complaint") in state court on August 4, 2011. Dkt. No. 1-1 at 6. Defendant filed a notice of removal in this court on September 8, 2011. Dkt. No. 1 at 1-3. Plaintiff is a resident of Clover, South Carolina and is a former employee of Champion Laboratories, Inc. ("Defendant"). Dkt. No. 1-1 at 6. Plaintiff worked as a Shipping and Receive Team Leader at Defendant's facility located in York County, South Carolina. *Id.* Plaintiff was terminated in March 2010 and asserts three claims related to her termination: (1) breach of contract; (2) breach of contract accompanied by a fraudulent act; and (3) breach of fiduciary duty. Dkt. No. 1-1 at 6-10. The Complaint states that Plaintiff's damages exceed $7,500 and that Plaintiff seeks actual and punitive damages. *Id.* at 10.

## STANDARD

The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

## DISCUSSION

Defendant removed this action to state court based on federal diversity jurisdiction, 28 U.S.C. § 1332. Dkt. No. 1. Plaintiff filed a motion to remand, arguing that (1) diversity does not exist because Defendant is a citizen of South Carolina based on its facility in South Carolina and (2) the matter in controversy does not exceed the value of $75,000. Dkt. No. 7 at 1-4. Defendant opposes Plaintiff's motion to remand. Dkt. No. 12.

**Citizenship.** The court rejects Plaintiff's argument that diversity does not exist based on Defendant's facility in York County, South Carolina. *See* Dkt. Nos. 7 and 13. A corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. *Clipper Air Cargo v. Aviation Prods. Int'l, Inc.*, 981 F. Supp. 956, 958 (D.S.C. 1997). Defendant's filings with the Secretaries of State in Delaware and in South Carolina indicate that Defendant was incorporated in Delaware. Dkt. No. 12-1, 12-2. The affidavit of Defendant's Vice-President of Finance also confirms that Defendant was incorporated in Delaware. Dkt. No. 12-3 at ¶4 (Gibbons' Aff.). The court finds that Delaware was Defendant's place of incorporation and that Defendant is, therefore, a citizen of Delaware.

2

The court must also determine the location of Defendant's principal place of business. The Supreme Court recently adopted the nerve-center test for determining a corporation's principal place of business. *Hertz Corp. v. Friends*, 559 U.S. __, 130 S. Ct. 1181, 1186 (2010). A corporation's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* The Fourth Circuit applied this test to determine the principal place of business in *Central W. Va. Energy Co., Inc. v. Mountain State Carbon*, LLC, 636 F.3d 101 (2011). In that case, the court held that defendant's principal place of business was in Michigan where the majority of corporate officers were located and where the officers were responsible for oversight and strategic decision-making. *Id.* at 105-06. The corporation also listed Michigan as the principal place of business in its corporate filings. *Id.* The court found that even though other activities were conducted in West Virginia, including purchasing, sales, environmental compliance, and human resources, the nerve center of the corporation was Michigan. *Id.* at 107.

Defendant asserts that its principal place of business is in Illinois because its principal office is in Albion, Illinois. Dkt. No. 12 at 5. Defendant affirms that eight of its fourteen officers are located in Illinois, and not in South Carolina. Dkt. No. 12-3 at ¶7. Two officers are located at Defendant's parent corporation in Indiana and four officers are locate abroad in Australia and New Zealand. *Id.* Additionally, Defendant has three directors that are located in either Australia or New Zealand. *Id.* at ¶8. The eight officers located in Illinois direct and control Defendant's activities from Illinois, and these officers are responsible for setting company policy and making significant business decisions. *Id.* at ¶9. The officers outside of Illinois are primarily responsible for liaising with Defendant's parent corporation, although they do perform some duties related to Defendant. None of Defendant's directors or officers are located in South Carolina. *Id.* at ¶10. The court finds that Defendant's nerve center is located in Illinois, and that its principal place of business is, therefore, in Illinois.

3

Accordingly, the court finds that Defendant is a citizen of Delaware (place of incorporation) and Illinois (principal place of business). The court concludes that the parties are diverse because Plaintiff is a citizen of South Carolina and Defendant is not.

**Amount in Controversy.** After determining that the parties are diverse, the court must examine whether the Complaint indicates that the amount in controversy exceeds $75,000. The court must look to the Complaint at the time that Defendant's notice of removal was filed to determine whether the jurisdictional amount is sufficient. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *see also Woodward v. Newcourt Commercial Fin. Corp.*, 60 F.Supp.2d 530, 531 (D.S.C. 1999) ("The proper time for testing the sufficiency of the jurisdictional amount is when the case is removed."). A corollary of this rule is that Plaintiff may not defeat diversity jurisdiction by filing a post-removal amendment of the Complaint which reduces the amount of damages requested by the omplaint below the amount in controversy required by 28 U.S.C. § 1332(a). *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Plaintiff argues that the amount in controversy is not satisfied because Plaintiff's claims arise from the termination of her employment in which she earned $13.20 an hour. Plaintiff argues that, based on her hourly wage, "[a]t no time, in no way, could damages exclusive of costs and attorneys fees be or exceed $75,000 or more in the case." Dkt. No. 7 at 4. However, Plaintiff's Complaint seeks "actual and punitive damages." Dkt. No. 1-1 at 10. Plaintiff's "claim for punitive damages makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward*, 60 F. Supp. 2d at 532. As explained in *Woodward*, "the plaintiff's bar rarely seeks less than ten times damages for punitive damages." *Id.* Although the actual damages in this case may be less than $75,000, Plaintiff's decision to seek punitive damages increases the amount in controversy to above $75,000.

Further, Plaintiff counsel's post-removal prediction that the damages will not exceed $75,000 does not affect the court's analysis. *Id.* at 533 ("The Court is not bound by a party's opinion as to the amount in controversy."). *Cf. Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D. Ky. 1990) (finding that a post-removal clarification as to the amount of controversy was binding when Plaintiff stipulated after removal that the damages in the case would not exceed the jurisdictional requirement). Although Plaintiff may predict that the damages will be less than $75,000, the face of the Complaint shows that the damages claimed may well exceed $75,000. No post-removal stipulation was filed by Plaintiff to clarify that the damages were less than $75,000. The court, therefore, has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional amount.

The court denies Plaintiff's request for attorney's fees because the court has jurisdiction under 28 U.S.C. § 1332(a)(1).

## CONCLUSION

For the reasons set forth above, the court denies Plaintiff's motion to remand and request for attorney's fees.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 25, 2011

5